IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TAWANDA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:04cv1216-F |
| | ) | WO |
| MGA, INC., and all Holding | ) | |
| Companies and Affiliated Entitites | ) | |
| d/b/a MOVIE GALLERY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

In her third motion to compel discovery (Doc. #20), plaintiff seeks discovery of "(h) Any and all memoranda including notes, emails or letters wherein the judicially approved pornography alluded to in paragraph nine of Defendant's Answer is discussed or mentioned in any manner.  This request also includes invoices however characterized or entitled." Plaintiff also seeks "(i) All invoices for samples from any suppliers of the judicially approved pornography as alluded to in Defendant's Answer at paragraph nine." According to plaintiff's deposition (Plaintiff's Exhibit A), the "pornography" at issue in this case consisted of sexually explicit movies whose covers were allegedly visible in several offices, on the desks of employees, or in the break room at Movie Gallery during the time of plaintiff's employment.  Such movies are relevant to plaintiff's hostile environment claim and, thus, documents establishing the existence of or otherwise relating to such movies may also be relevant.

However, plaintiff's request for memoranda (including notes, emails or letters) and

invoices is not limited as to time period or source. Accordingly, the court will direct defendant only to turn over any letters, invoices, notes, or memoranda prepared or received by defendant's management relating to pornographic movies whose covers could have been viewed by plaintiff in any of these sites during the two years prior to plaintiff's resignation. Defendant may redact information in any document produced that does not relate to such movies. Because the recovery of emails may be particularly burdensome, especially absent any limits on the sources from whom emails are requested, the court will not compel the production of emails without explicit justification and appropriate limits for the request, as well as certification that plaintiff has consulted with defendant in person or by telephone (not merely by letter)in a good faith effort to resolve any request prior to seeking the assistance of the court.

Thus, for good cause, it is

ORDERED that plaintiff's motion is GRANTED to the extent that defendant shall turn over to plaintiff, on or before December 20, 2005, any letters, invoices, notes, or memoranda prepared or received by defendant's management relating to pornographic movies whose covers could have been viewed by plaintiff in the offices of employees, on their desks, or in the break room during the two years prior to plaintiff's resignation. In all other respects, the motion is DENIED.

DONE, this 7th day of December, 2005.

                                      /s/ Susan Russ Walker
                                      SUSAN RUSS WALKER
                                      UNITED STATES MAGISTRATE JUDGE